R. H. THAYER v. D. W. MARTIN AND ANNIE J. MARTIN.

No. 398.  (61 Pac. 511.)

ESTOPPEL—*Lessor and Lessee—Admissions by Lessor.* A landowner who obtains possession of certain premises by reason of a notice containing certain admissions as to the rights of the occupant to crops growing thereon is estopped from denying the correctness of the admissions so made to the prejudice of said occupant who relied thereon.

Error from Dickinson district court; O. L. MOORE, judge.   Opinion filed June 18, 1900.   Affirmed.

*Hurd & Hurd,* for plaintiff in error.

*C. S. Crawford,* for defendants in error.

The opinion of the court was delivered by

WELLS, J. : Prior to the 20th day of August, 1898, the plaintiff was the owner of a section of land in Dickinson county, which was occupied by the defendants in error as his tenants. The lease was in writing, and by its terms expired on the 1st day of March, 1899.

On the 28th day of August, 1898, the parties to this action, the plaintiff in error acting by George Merrill, his agent, made a contract in writing, by the terms of which the plaintiff in error agreed that, if the defendants in error would make certain payments and perform certain covenants in said instrument in writing mentioned, the plaintiff in error would convey said section of land to the defendants in error. By the terms of said contract the defendants in error agreed to pay the plaintiff in error $8320 ; $100 in cash, $900 on or before November 15, 1898, and $1000 on March 1, 1899, at which time a deed was to be executed and a mortgage taken back for $6320, the balance of the purchase-money. The contract provided :

"And in case of the failure of the said party of the second part to make either of the payments or to perform any of the covenants on their part hereby made and entered into, this contract shall, at the option of the party of the first part, be forfeited and determined, and the party of the second part shall forfeit all payments made by them on this contract, and said payments shall be retained by said party of the first part in full satisfaction and in liquidation of all damages by him sustained, and he shall have the right to re-enter and take possession of the premises aforesaid."

After the payment of $100, at the time of the execution of the contract, no further payments were made, and during the month of September, 1898, after the execution of said contract of purchase and before the maturity of the first time payment, the defendants in error planted a crop of wheat on the land.

The defendants in error failed to make the payment of $900 at maturity, on the 15th day of November, 1898, and notified the plaintiff in error that they would not make the payment of $1000 to mature on the 1st day of March, 1899. On the 28th day of

February, 1899, the plaintiff in error, by George Merrill, his agent, served the defendants in error with a notice in writing, as follows:

"NOTICE.

"*To David W. Martin and Annie J. Martin:*

"You are hereby notified that you have failed to pay the $900 on or before the 15th day of November, 1898, according *to the terms of a contract for the purchase of all of section 34, township 15 south,* of range 1 east of the sixth principal meridian, in Dickinson county, state of Kansas, entered into between you and me on the 20th day of August, 1898; you are hereby notified that I hereby elect that said contract be forfeited and determined, and that I shall retain the same in full satisfaction and in liquidation of all damages by me sustained to this date.

"Dated Abilene, Kan., February 28, 1899.

"By GEORGE MERRILL, *Agent.*             R. H. THAYER."

And at the same time and in the same manner another notice was served on the defendants, of which the following is a copy:

"NOTICE.

"*To David W. Martin and Annie J. Martin:*

"You are hereby notified that your lease on the following-described premises situated in Dickinson county, state of Kansas, to wit: All of section 34, in township 15 south, of range 1 east of the sixth principal meridian, will expire on to-morrow, March 1, 1899, and that I will expect possession of said premises at that time according to the terms of said lease.

"You will, of course, be permitted to enter upon the land for the purpose of harvesting the crop of fall wheat you now have planted, but I shall expect the full and complete possession of all the buildings and of all the land not planted to fall wheat.

"Dated Abilene, Kan., February 28, 1899.

"By GEORGE MERRILL, *Agent.*             R. H. THAYER."

A few days afterward the defendants in error moved

off the place.   The wheat referred to in the last notice was ready to harvest about July 3, 1899, and the defendant in error claimed the same, and were about to harvest and remove it from the place when they were enjoined from so doing.   This injunction was afterward vacated, and by stipulation of parties the wheat was marketed and proceeds deposited in a bank to await the final adjudication of their respective rights thereto.   Upon a final hearing, the court held that the plaintiff was entitled to one-third of the money and the defendants to two-thirds thereof, and divided the costs.   To reverse this judgment the case is brought to this court.

The first, second and third specifications of error relate to the notice to quit, and the admission therein that the defendant had the right to reenter and harvest the wheat, and that under said notice they left the premises.   This was competent evidence, and the notice amounted to an admission of the defendants' right to the wheat, and they acted under it and complied with its demands, and had a right to rely upon its terms, if the plaintiff authorized the same, or if the defendants had a right to rely thereon as the act of the plaintiff.   All the business in relation to the land in question between the plaintiff and defendants was done on behalf of the plaintiff by the agent who served this notice, and, as the notice was within the apparent scope of his agency, the principal is bound thereby ; besides, in this case the agent was expressly authorized to employ counsel, which he did, and the notice in question was prepared and served under his direction.

We do not find anything in the record to authorize the court to award one-third of the proceeds to the plaintiff.   It would appear to be the landlord's share

under the lease, but the lease or its terms upon this subject do not appear. However, of this the plain-tiff cannot complain.

It may be that the contract of sale terminated the lease, and upon a forfeiture thereof the rights of the defendants in the land were absolutely forfeited. Or it may be that even under the lease the lessees would not have any right to the crops harvested at the time of the termination of the tenancy; but the plaintiff elected otherwise, and having made that election and the other party accepting its terms the plaintiff is bound thereby.

The judgment of the district court is affirmed.